**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| NICOLAS ANDRADE-ALCOCER,   )  <br> ) <br> Petitioner,   ) <br> ) <br> vs.   ) <br> ) <br> UNITED STATES OF AMERICA,   ) <br> ) <br> Respondent.   ) | Case No. 1:13-cv-01369-TWP-DKL <br> Case No. 1:11-cr-25-TWP-TAB-1 |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. ' 2255**

Having agreed with the United States to resolve several criminal charges against him, having entered a plea of guilty to those charges, and having been sentenced in accord with the plea agreement, Nicolas Andrade-Alcocer now seeks to vacate, set aside or correct his sentence pursuant to 28 U.S.C. ' 2255.

The court, having considered Andrade-Alcocer's motion and the records and files in the underlying criminal action, and being duly advised, finds that Andrade-Alcocer's ' 2255 motion must be summarily denied and dismissed pursuant to Rule 4 of the *Rules Governing Section 2255 Cases in the United States District Courts,* which provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. . . ." This conclusion is based on the following facts and circumstances:

1. Andrade-Alcocer pleaded guilty to conspiring to distribute methamphetamines. 21 U.S.C. §§ 846, 841(a)(1). At sentencing the Court calculated a guidelines range of 262 to 327

months' imprisonment—and sentenced him to 262 months, consistent with the parties' joint recommendation. Plea Agreement, dkt. 371 at ¶ 12.

2. In his plea agreement, Andrade-Alcocer waived his right to appeal his conviction and any sentence imposed on any ground and "expressly agree[d] not to contest his conviction or sentence or seek to modify his sentence or the manner in which it was determined in any type of proceeding, including, but not limited to, an action brought under 28 U.S.C. § 2255." Plea Agreement, Dkt. 371 at ¶ 11.

2. Andrade-Alcocer's direct appeal of his sentence was dismissed by the Seventh Circuit. The Circuit Court explained:

> The terms of the appeal waiver expressly forbid a challenge to the reasonableness of the sentence. Nor could Andrade-Alcocer now challenge the waiver by contesting the voluntariness of the plea agreement; he has already told his counsel that he does not wish to challenge the plea. *See United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011) (noting that appellate waiver stands or falls with plea agreement as a whole). In any event, a challenge founded on voluntariness would be frivolous: Andrade-Alcocer entered into the agreement after a plea colloquy that substantially complied with Federal Rule of Criminal Procedure 11.

*United States v. Nicolas Andrade-Alcocer*, No. 12-1866 (7th Cir. January 30, 2013) (Slip Opinion), see also dkt. 650.

3. In his § 2255 motion Andrade-Alcocer insists (as he did in his direct appeal) that the Court miscalculated his guideline range and his sentence is therefore excessive. As on direct appeal, the issues raised by Andrade-Alcocer fall within the scope of his appeal waiver and cannot be considered in this action.

4. The record indisputably shows that Andrade-Alcocer knowingly and voluntarily entered into the waiver provision in this case, and that provision is equally enforceable as to bringing an action pursuant to ' 2255 as to filing an appeal.

Given these circumstances, Andrade-Alcocer's motion for relief pursuant to § 2255 is barred by the appellate waiver provision in the plea agreement. As such, Andrade-Alcocer's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is **DENIED**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/02/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

NICOLAS ANDRADE-ALCOCER
LOMPOC - FCI
LOMPOC FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
3600 GUARD ROAD
LOMPOC, CA 93436